## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 9, 1917.

MARY F. WATSON
VS.
JOSEPH A. WATSON.

*R. B. Tippett & Son* and *Fillmore Cook* for plaintiff.

*James B. Guyton* for defendant.

BOND, J.—

A reargument was invited in this case upon the point of the propriety of attachment for unpaid instalments of alimony without an additional order of court adjudicating the amount of arrears due and collectible. As has been seen the original decree for alimony to be paid in instalments does not give the wife a right to collect arrears at all events. Despite that decree and failure to pay some instalments there may be nothing legally collectible. And there may be circumstances which, once brought to the attention of the court, will produce a revocation of the decree or some modification of it. Whether, therefore, it could be said that the decree gave the wife such a right that by virtue of it she might collect unpaid instalments by attachment, without further reference to the court, was the question on which reargument was asked. Counsel have given it further study, and have presented the results in a more thorough discussion than I have found elsewhere. All agree that in the end there remains room for a difference of opinion. Courts actually do come to different conclusions.

Isaacs vs. Isaacs, L. R. A. 1916E, 648 (Va. 1915).

It seems after all to be a question of good practice. And I have again come to the same conclusion on it. The wife has a decree commanding the payment of money to her; and execution, and attachment by way of execution, are only collection by compulsion. It would be appropriate to require the wife first to submit her demand to the court for revision before enforcing it. But if that were made a prerequisite to enforcement the husband must first be brought in for a hearing on the facts; and it might be impossible to secure service long after the decree. And with the warning thus given he might in many cases remove his assets from the reach of attachment, unless the court should forestall this by appointing a receiver to hold them, which would be the equivalent of an attachment after all. As a matter of good practice attorneys for the wife would probably apply for a receiver at once in every instance, so that requiring the wife to secure a preliminary order would amount to execution or an attachment by a more roundabout, cumbersome method. Execution or attachment would, as a rule, serve to give the husband notice sufficient to enable him to interfere with an application to the court where necessary. And even if it should fail to do so, the husband could blame only himself for not making his payments as required, or making timely application to the court for a change in the requirements. These considerations have led me to the conclusion that it is better practice not to require an order as a prerequisite to execution.

It is true that in Barroll's Equity (1878 Ed.), page 394, a preliminary order is said to be regularly obtained in equity for any execution or attachment on a decree. But inquiry among other judges and the court clerks shows that this has not been the practice for a long time. It is likely that the change may have been due to the enactment of the Act of 1886, Chap. 321, Art. 16, Sec. 192 of the Code.